### L. V. FRANKLIN V. STATE

No. 31,320. January 13, 1960
Motion for Rehearing Overruled February 24, 1960

*Peter P. Cheswick,* Houston, for appellant.

*Dan Walton,* District Attorney, *Wells Stewart, Samuel H. Robertson, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge

The conviction is for aggravated assault; the punishment, 180 days in jail.

The testimony of the state shows that the appellant while in a tavern broke the bottom out of a beer bottle by striking it against the floor, and then while holding the bottle by the neck he struck the injured party as he left the tavern with the broken end of the bottle in the left eye, cutting the cornea in the ball of the eye; that the eye bled profusely and 4 stitches were taken in the eye and 25 stitches on the outside; and that such injury caused an impairment in the sight of the eye.

Appellant testifying in his own behalf stated that the injured party and another man at the time in question came by the table in a tavern where he and his wife were seated; that the injured party had been giving attention to his wife and he asked him to quit it; that the other man took up the argument and then the injured party grabbed for his knife and he struck him with an unbroken beer bottle in defense of himself and his wife.

The evidence warrants the conclusion that the appellant inflicted serious bodily injury upon the injured party and is sufficient to support the conviction.

By formal bill of exception appellant urges error because the trial judge in writing answered "yes" in reply to a written inquiry of the jury asking if they were to recommend punishment if they found the defendant guilty. He objected thereto on the ground that the original charge sufficiently instructed the jury and that the answer of the judge would permit them to recommend instead of assess the punishment.

The verdict of the jury received by the court shows that they found the appellant guilty and assessed his punishment.

The use of words in a wrong sense will not result in error where such use does not cause the verdict to lack meaning and certainty. Apparently this occurred in the jury's note to the judge.

Appellant's complaint of the refusal of the court to receive the jury's verdict finding the appellant guilty but not assessing any punishment, and in instructing them to return for further deliberation and complete the verdict as charged does not show error.

It was the duty of the court to refuse to accept the verdict and to call the attention of the jury to the charge of the court and direct that they retire for further deliberation. Belton v. State, 162 Tex. Cr. Rep. 436, 286 S.W. 2d 432.

The judgment is affirmed.

Opinion Approved by the Court.