**Robert Eugene EADS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59075.**

Court of Criminal Appeals of Texas, Panel No. 1.

May 14, 1980.

Roger M. Dreyer and Leslie E. Hudson, Gonzales, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for capital murder, where the punishment was assessed at life imprisonment. See V.T.C.A., Penal Code, § 19.03, and Article 37.-071, V.A.C.C.P.

At the very outset we are immediately confronted with appellant's contention that the trial court erred in accepting an incomplete jury verdict at the penalty stage of trial and in refusing to grant a mistrial. The jury answered the third special issue submitted "Yes," but did not answer special issues one and two. The question presented appears to be one of first impression in a capital murder case under our present scheme of things.

The capital murder indictment to which the appellant pleaded "not guilty" charged the appellant with intentionally causing the death of Robert Wilds during the course of committing and attempting to commit a robbery. At the guilt stage of the trial, the jury returned the verdict "We, the jury, find the defendant guilty of capital murder. /s/ William L. Pergrem Foreman."

After jury arguments at the penalty stage of the trial, the record reflects:

"* * *

"(Whereupon, the Jury deliberated.)

"THE COURT: Ladies and Gentlemen of the Jury, have you received a verdict?

"(The Jury indicating affirmatively)

"THE COURT: There is no answer to Special Issue No. 1. There is no answer to Special Issue No. 2. And Special Issue is answered 'Yes'.

"Ladies and Gentlemen, is that your verdict?

"(The Jury indicating affirmatively).

"MR. DREYER (Defense Counsel): I don't understand what the answer is.

"THE COURT: There is no answer to either Special Issue No. 1 or No. 2. Special Issue No. 3 is answered 'Yes'.

"MR. DREYER: What is the Court's intention?

"THE COURT: The Court will accept the verdict and order it filed.

"MR. DREYER: May I see the verdict?

"THE COURT: (Indicating).

"MR. DREYER: We move for a mistrial.

"THE COURT: Counsel, do you desire to have the Jury polled?

"MR. DREYER: No, sir.

"MR. MUNSON (District Attorney): No, sir.

"THE COURT: The Court will accept the verdict of the Jury and order it filed.

"(Whereupon the Jury was discharged)

"THE COURT: All right. Gentlemen, based upon the Jury's verdict, the Court's understanding of the application of the law, specifically Article 37.071 of the Code of Criminal Procedure, will set the punishment at life in the penitentiary."

Though a motion for new trial was filed complaining, inter alia, that the court erred in accepting an incomplete verdict, there was no hearing on the same and the motion was overruled by operation of law. Therefore, the foregoing facts are the only ones on which we can rely.[1]

From the record there does not appear to have been any communication between the court and jury prior to the above events so there is no hint or indication that the jury was deadlocked and had been unable to answer all of the special issues submitted to them. While it would have been better practice for the court to have addressed the inquiries to the foreman, it is observed the court addressed its inquiries to the jury as a body. There appears to have been no oral response to these inquiries. All we have in the record is the court reporter's interpretation that twelve jurors were "indicating affirmatively." The verdict was not read aloud as required by Article 37.04, V.A.C.C.P. The court merely described or paraphrased the verdict. There was no inquiry by the court as to the failure of the jury to answer two special issues, no inquiry as to how they stood numerically on such issues without revealing which answer was favored, no inquiry to the foreman or the jury whether there was a possibility, after further deliberations, whether answers could be obtained to Special Issues No. 1 and No. 2. And the jury was not retired for further deliberations.

■ "A verdict must be certain, consistent, and definite. It may not be conditional, qualified, speculative, inconclusive, or ambiguous." 57 Tex.Jur.2d, Trial, § 415, pp. 49–50. *Villarreal v. State,* 166 Tex. Cr.R. 616, 317 S.W.2d 531 (1958), and cases there cited. An incomplete or unresponsive verdict should not be received by the court. 57 Tex.Jur.2d, Trial, § 435, p. 67. It is not only within the power, but it is the duty of the trial judge to reject an informal or insufficient verdict, call to the attention of the jury the defect, informality or insufficiency, and either have the same corrected with their consent, or retire them again to consider of their verdict. Article 37.10, V.A.C.C.P., note # 1, and cases there cited. And such procedure is particularly necessary where the defect or insufficiency in the verdict relates to the assessment of punishment in a criminal case. *Belton v. State,* 162 Tex.Cr.R. 436, 286 S.W.2d 432 (1956); *Franklin v. State,* 169 Tex.Cr.R. 79, 331 S.W.2d 751 (1960); *Fernandez v. State,* 382 S.W.2d 935 (Tex.Cr.App.1964).

Article 37.071, V.A.C.C.P. (Procedure in Capital Cases), reads:

"(a) Upon a finding that the defendant is guilty of a capital offense, the court shall conduct a separate sentencing proceeding to determine whether the defendant shall be sentenced to death or life imprisonment. *The proceeding shall be conducted* in the trial court *before the trial jury* as soon as practicable. In the proceeding, evidence may be presented as to any matter that the court deems relevant to sentence. This subsection shall not be construed to authorize the introduction of any evidence secured in violation of the Constitution of the United States or of the State of Texas. The state and the defendant or his counsel shall be permitted to present argument for or against sentence of death.

"(b) On conclusion of the presentation of the evidence, *the court shall submit the following issues* to the jury:

---

1. The problem presented may have resulted from the court's charge. After instructing on the burden of proof and the requirements of answering the special issues either "yes" or "no," the court charged:

   "If there is any special Issue on which the vote of the jurors is not unanimously 'Yes' or not at least ten (10) in favor of an answer of 'No,' then there shall be no answer for that Special Issue and the Foreman should not sign his name to any answer form for that Special Issue."

"(1) whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that the death of the deceased or another would result;

"(2) whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society; and

"(3) if raised by the evidence, whether the conduct of the defendant in killing the deceased was unreasonable in response to the provocation, if any, by the deceased.

"(c) *The state must prove each issue submitted beyond a reasonable doubt, and the jury shall return a special verdict of 'yes' or 'no' on each issue submitted.*

"(d) The court shall charge the jury that:

"(1) it may not answer any issue 'yes' unless it agrees unanimously; and

"(2) it may not answer any issue 'no' unless 10 or more jurors agree.

"(e) If the jury returns an affirmative finding on each issue submitted under this article, the court shall sentence the defendant to death. If the jury returns a negative finding on any issue submitted under this article, the court shall sentence the defendant to confinement in the Texas Department of Corrections for life.

"(f) The judgment of conviction and sentence of death shall be subject to automatic review by the Court of Criminal Appeals within 60 days after certification by the sentencing court of the entire record unless time is extended an additional period not to exceed 30 days by the Court of Criminal Appeals for good cause shown. Such review by the Court of Criminal Appeals shall have priority over all other cases, and shall be heard in accordance with rules promulgated by the Court of Criminal Appeals." (Emphasis supplied.)

It is clear that a jury in a capital murder case may not answer any special issue "yes" unless the jury agrees unanimously and may not answer any special issue "no" unless ten or more jurors agree. While the jury does not assess punishment, their answers are determinative of the punishment to be assessed. If the jury answers each special issue "yes" the death penalty is then to be imposed. If the jury answers any issue "no" then life imprisonment is to be imposed.

Article 37.071, supra, contemplates by its very language a bifurcated trial procedure before the same jury. Further, a defendant in a capital murder case cannot waive trial by jury. *Bullard v. State*, 548 S.W.2d 13 (Tex.Cr.App.1977); Articles 1.14 and 37.071, V.A.C.C.P.

In view of the extreme penalties involved, it is most important that a verdict in a capital murder case be certain and its meaning and construction must not be left in doubt or to speculation. *Batten v. State*, 549 S.W.2d 718 (Tex.Cr.App.1977). The verdict in the instant case is incomplete, to say the least, since two of the three special issues submitted were not answered. The court accepted the verdict with only one affirmative answer [2] and applying his interpretation of Article 37.071, supra,[3] assessed life imprisonment. What the court in effect did was to answer "no" to one of the special issues left unanswered by the jury. While a trial court may correct an informal or contradictory verdict with the jury's consent, the court cannot substitute its judgment for the jury's verdict. *Howell v. State*, 120 Tex.Cr.R. 614, 47 S.W.2d 844 (1932); *Moore v. State*, 154 Tex.Cr.R. 307, 227 S.W.2d 219 (1950); *Smith v. State*, 479 S.W.2d 680 (Tex.Cr.App.1972). And a trial court cannot supply a finding that the jury has not made in its verdict. *Hatfield v. State*, 161 Tex.Cr.R. 362, 276 S.W.2d 829 (1955).

2. We are not here dealing with a question of a verdict where one special issue is answered "no" and the other special issues are unanswered. That must wait for another case on another day.

3. Regrettably that interpretation is not reflected by the record.

It might be argued[4] that the error is harmless since the appellant received the lighter of the two possible penalties after being found guilty of capital murder. We cannot agree.

A defendant cannot waive a trial by jury in a capital murder case. *Bullard v. State*, 548 S.W.2d 13 (Tex.Cr.App.1977); Articles 1.14 and 37.071, V.A.C.C.P. He is thus entitled to a jury trial. Article 37.07, supra, contemplates by its very language a bifurcated trial procedure before the same jury. It logically follows from such procedure the verdict is not complete until the jury has rendered a completed verdict at both stages of the trial on both the guilt of the defendant and on the punishment or issues relating to the punishment to be assessed. See and cf. *Ellison v. State*, 432 S.W.2d 955 (Tex.Cr.App.1968). Further, Article 37.07, V.A.C.C.P., applies to *all* criminal cases other than misdemeanor cases the justice and municipal courts have jurisdiction of [§ 2(a)] with the express exception [§ 2(a)] as to who is to assess punishment in cases under Article 37.071, supra. Article 37.07, supra, is applicable to the trial of capital murder cases except where in conflict with Article 37.071, supra. With this in mind, it is observed that Article 37.07, § 3(c), V.A.C. C.P., provides:

"(c) In cases where the matter of punishment is referred to the jury, the verdict shall not be complete until the jury has rendered a verdict both on the guilt or innocence of the defendant and the amount of punishment, where the jury finds the defendant guilty. In the event the jury shall fail to agree, a mistrial shall be declared, the jury shall be discharged, and no jeopardy shall attach."

It has been said under § 3(c) that where the jury has been selected to assess punishment and fails to agree on a penalty a mistrial should be declared as to the entire trial. *Bullard v. State*, 548 S.W.2d 13, 18 (Tex.Cr.App.1977); *Galloway v. State*, 420 S.W.2d 721 (Tex.Cr.App.1967); *Longs v. State*, 429 S.W.2d 157 (Tex.Cr.App.1968); *Brumfield v. State*, 445 S.W.2d 732 (Tex.Cr.

App.1969). And if on appeal it is determined that reversible error occurred at the penalty stage of the trial before a jury, this court is without authority to direct a new trial or penalty hearing before a different jury on the issue of punishment alone. *Bullard v. State*, supra, and cases there cited. See also *Ellison v. State*, supra.

Since the verdict was not complete at the penalty stage of the trial, and the judge was without authority to complete it or substitute his own finding, the appellant was entitled to a mistrial as to the entire trial.

The judgment is reversed and the cause is remanded.

---

4. The District Attorney has filed no brief in this case.