**Lawrence E. WOODARD**

v.

**STATE of Texas.**

**No. 04–94–00263–CR.**

Court of Appeals of Texas,
San Antonio.

March 8, 1995.

Michael Valicek, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., Alan E. Battaglia, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

HARDBERGER, Justice.

This is an appeal from a delivery of cocaine conviction where the trial court gave the wrong answer to a jury question during deliberations. The jury then wrote the wrong instruction on the verdict form. No objections were made either to the court's erroneous instructions or to the comments written by the jury on the verdict form. Trial court then reformed the verdict to delete the jury's

---

instruction—also without objection. We affirm the judgment.

Woodard was indicted and convicted for the offense of delivery of cocaine under 28 grams. At the punishment phase of the trial, Woodard pleaded "True" to the enhancement portion of the indictment, which charged the prior 1989 conviction of possession of a prohibited weapon. The pen packet containing the records of that conviction was admitted into evidence without objection. Woodard testified during the punishment phase and made a plea to the jury for rehabilitation training to help him with his drug addiction. The jury was then charged on the range of punishment. They were told that if the enhancement paragraph was true, there was to be confinement "... for life or for any term of years not more than 99 or less than 15" plus a fine.

They were also instructed that if the enhancement paragraph was not true then the confinement was "for life or for any term of years not more than 99 or less than 5" plus a fine. The jury was also instructed that Woodard had plead "true" to the enhancement.

During deliberations, the jury first sent out a note asking if they could ignore the fact that Woodard was previously convicted of a felony in order to assess the defendant a lesser sentence than 15 years. The court, without objections, told the jury they had the law already and to abide by it.

Then came a second note. "Can we add a stipulation to his sentence that he enter drug rehabilitation?"

The court proposed answering the question "yes." Again there was no objection on either side. Woodard's counsel's actual words were: "We have no objection to the response of yes." There is no question that the court was in error, and that the comment of the court was objectionable, but as neither the state nor the defendant said anything this answer was given to the jury. The jury then brought back a verdict finding the enhancement paragraph true and assessing punishment at 15 years. They also wrote on the verdict:

We, the jury ... stipulate that Lawrence Woodard enter drug rehabilitation as part of his sentence.

■ This stipulation is not authorized by the law, but again neither party objected, nor did either party respond when the court asked the attorneys if there were any requests. The court then pronounced the sentence of 15 years, without referring to the stipulation. Again there was no objection and the jury was dismissed. Woodard now contends the verdict of the jury on punishment is incorrect and informal and that the judge should have sent the jury back out to deliberate, and that failure to do so is reversible error. We agree with Woodard's position that the jury's stipulation was incorrect and informal, but we cannot agree that in the absence of any objection, it is reversible error. Before 1985 it might have been reversible error even without the objection being made, but since that time the court has the authority to reform a judgment containing an unauthorized punishment. We hold the court did so in this case.

The governing statute of this case is Tex. Code Crim.Proc.Ann. art. 37.10 (Vernon 1979 & Supp.1995), which was amended in 1985. Before 1985, the first paragraph (which still exists) stated:

Art. 37.10.  Informal verdict

If the verdict of the jury is informal, its attention shall be called to it, and with its consent the verdict may, under the direction of the court, be reduced to the proper form. If the jury refuses to have the verdict altered, it shall again retire to its room to deliberate, unless it manifestly appear that the verdict is intended as an acquittal; and in that case, the judgment shall be rendered accordingly, discharging the defendant.

Woodard cites *Eads v. State*, 598 S.W.2d 304 (Tex.Crim.App.1980) as an example of a case that was reversed because of an incomplete verdict. This was a capital murder case which really was incomplete. The first two issues, which should have been answered were not, and only the third issue was answered. Nevertheless the trial court accepted the verdict over the objection and request for a mistrial by the defendant. The Court

of Criminal Appeals reversed saying that in view of the extreme penalties involved, the verdict in a capital murder case must be certain and its meaning and construction must not be left in doubt or to speculation. "What the court in effect did was to answer 'no' to one of the special issues left unanswered by the jury. While a trial court may correct an informal or contradictory verdict with the jury's consent, the court cannot substitute its judgment for the jury's verdict." *Eads,* 598 S.W.2d at 307. None of this was the case here. There were no issues left unanswered, and no objections. But even more importantly, *Eads* was decided five years before the current law was enacted.

*Neal v. State,* 689 S.W.2d 420 (Tex.Crim. App.1984) is also cited by Woodard. *Neal,* too, was decided before the new law came into effect in 1985. It quotes *Eads,* but there was no reversal because of a lack of objection. We also have a lack of objection, but the principal reason that neither *Neal* or *Eads* is particularly persuasive is that the law changed in 1985 by adding a new paragraph.

> (b) If the jury assesses punishment in a case and if the verdict assesses both punishment that is authorized by law for the offense and punishment that is not authorized by law for the offense, the court shall reform the verdict to show the punishment authorized by law and to omit the punishment not authorized by law. If the trial court is required to reform a verdict under this subsection and fails to do so, the appellate court shall reform the verdict as provided by this subsection.

TEX.CODE CRIM.PROC.ANN. art. 37.10(b) (Vernon Supp.1995). This amendment became effective June 11, 1985, and governs this case.

Some of the punishment was within the law; some was not. It was the trial court's responsibility to reform the verdict and omit the punishment not authorized by law. The court correctly did so.

Thus, under the new law, a court is authorized to reform a verdict and judgment containing unauthorized punishment, an infirmity which would have previously rendered the verdict void.

*Ex parte Johnson,* 697 S.W.2d 605, 607 (Tex. Crim.App.1985).

The judgment of conviction is affirmed.